# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 07-19360 |
| | ) | Chapter 7 |
| JOHN H. HUNTER, | ) | Honorable Jacqueline P. Cox |
| Debtor. | ) | |
| | ) | |
| | ) | |
| DAVID HERZOG, Trustee, | ) | Adv. No. 08 A 300 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COUNTRYWIDE HOME LOANS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter comes before the Court on the motion of the defendants, Countrywide Home Loan, Inc. ("Countrywide") and Bank of New York ("BNY") (together, the "Defendants"), seeking to dismiss the chapter 7 trustee's ("Trustee") claims for rescission in the amended adversary complaint. The Defendants' motion seeks a finding that the Trustee failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), made applicable by Fed. R. Bankr. P. 7012, because the Trustee's rescission claims are time-barred under 15 U.S.C. § 1683(f) of the Truth in Lending Act ("TILA"). For the reasons set forth herein, the Court denies the motion.

## I. JURISDICTION AND VENUE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (B), (C), (E), (H), and (O).

## II. FACTS AND BACKGROUND

At all times relevant to this adversary proceeding, John Hunter ("Hunter"), the debtor, owned and resided at a single family property located in Chicago, Illinois. (Compl. ¶ 6; Answer ¶ 6). On September 24, 2004, Hunter obtained two mortgage loans from Countrywide, in the amounts of $165,600.00 and $41,400.00. (Compl. ¶ 10; Answer ¶ 10). The loans were secured by Hunter's home and were not for the purpose of its initial purchase or construction. (Compl. ¶¶ 10, 12; Answer ¶¶ 10,12). Countrywide originated these consumer residential mortgage loans. (Compl.¶¶ 7, 10; Answer ¶¶ 7, 10). BNY subsequently became an assignee of the $165,600 loan. (Compl. ¶ 18; Answer ¶ 18).

In connection with the September 24, 2004 loan transaction, Hunter signed or received the following documents: an adjustable rate note for the $165,000.00 loan (Compl. Ex. A); a note for the $41,400.00 loan (Compl. Ex. B); and a mortgage for each loan. (Compl. Ex. C, D). The Trustee alleges that Hunter received only one Notice of Right to Cancel ("Notice") for each loan instead of the two copies mandated by TILA. (Compl. ¶ 11). Countrywide and BNY deny that Hunter received only one copy of the Notice for each loan. (Answer ¶ 11). The Trustee alleges that Hunter exercised his right to rescind both loans by sending a written notice of recisssion to Countrywide on September 10, 2007. (Compl. ¶¶ 19, 25, Ex. E).

Hunter filed a petition for chapter 7 bankruptcy relief on October 19, 2007. (Compl. ¶ 5; Answer ¶ 5). On May 21, 2008, the Trustee filed an amended adversary complaint seeking both damages and rescission for the Defendants' TILA violations in connection with both loans. The Trustee argues that more than twenty days passed since Hunter's alleged rescission of the loans and that the Defendants failed to acknowledge Hunter's cancellation, return all funds received from

Hunter, and void any security interest held in the bankruptcy estate's property. The Trustee claims the alleged failure of Countrywide to provide Hunter with two copies of the Notices entitles him to rescission, actual damages, statutory damages, and attorney's fees and costs.

On November 14, 2008, Countrywide and BNY filed the instant motion to dismiss the Trustee's claims for rescission. In their motion, Countrywide and BNY seek only to dismiss the Trustee's rescission claims. The Defendants do not seek to dismiss the Trustee's other requests for relief and concurrently filed an answer and defenses to the Amended Complaint addressing the other forms of relief sought by the Trustee.

### III. APPLICABLE STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6), made applicable by Fed. R. Bankr. P. 7012, tests the sufficiency of the complaint, not the merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Fed. R. Civ. P 12(b)(6) requires that a complaint contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). The complaint must give the defendant "fair notice of what the... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, ___, 127 S.Ct. 1955, 1964 (2007) (ellipsis in original).

The "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of elements of a cause of action will not do." *Id.* at 1964-65. "Plaintiffs need not plead facts... but they must give enough detail to illuminate the nature of the claims and allow defendants to respond." *George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007) (citations omitted). When considering a motion to dismiss, the Court takes "as true all well-pleaded factual allegations in the complaint and make[s] all plausible inferences from those

3

allegations in the plaintiffs' favor." *Levy v. Pappas*, 510 F.3d 755, 764 (7th Cir. 2007).

"[A] plaintiff is not required to anticipate and refute defenses in his complaint[.]" *Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 802 (7th Cir. 2008). However, a plaintiff can plead himself out of court if a complaint includes facts that undermine his own allegations. *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006). Any exhibits attached to a complaint are considered to be a part of the pleadings. *Moranski v. Gen. Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005). Dismissal is warranted if the factual allegations, seen in the light most favorable to the plaintiff, do not plausibly entitle the plaintiff to relief. *Id.* at 1968-69. If the facts alleged in the complaint establish that a suit is indisputably time-barred, plaintiffs can plead themselves out of court under a 12(b)(6) motion to dismiss. *Clark v. City of Braidwood*, 318 F.3d 764, 767(7th Cir. 2003).

## IV. DISCUSSION

### A. A Borrower's right to rescind under the TILA

TILA was created "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601(a). When lenders violate TILA, Congress provides consumers with the right to rescind a consumer credit transaction in which a security interest is retained in the borrower's home. 15 U.S.C. § 1635(a). As the Seventh Circuit recognized in *Handy v. Anchor Mortg. Corp.*, rescission terminates the entire transaction and thus "encompasses a right to return to the *status quo* that existed before the loan." 464 F.3d 760, 765 (7th Cir. 2006) (quoting *Barrett v. JP Morgan Chase Bank, N.A.*, 445 F.3d 874, 878 (6th Cir. 2006)). Accordingly, upon timely invocation of the right of rescission, a borrower must be put back in the position that it

4

occupied prior to the loan agreement. *Handy*, 464 F.3d at 765 (citing *Barrett*, 445 F.3d at 877). *Handy* followed an opinion from the Sixth Circuit in which the court construed TILA and its implementing regulations to encompass a right to rescind the transaction itself and not just the security interest. *Handy*, 464 F.3d at 765. "The point of giving the consumer an absolute right to rescind is to place the consumer in a much stronger bargaining position than he enjoys under the traditional rules of rescission and to insure creditor compliance with TILA's disclosure requirements."[1] *Velazquez v. HomeAmerican Credit, Inc.*, 254 F.Supp.2d 1043, 1045 (N.D. Ill. 2003)(citations omitted).

Section 1635 of TILA provides borrowers with a three-day "cooling off" period after a loan transaction is completed, during which time such borrowers have a right to rescind certain loan transactions. 15 U.S.C. § 1635(a); *Andrews v. Chevy Chase Bank*, 545 F.3d 570, 573 (7th Cir. 2008). Section 1635(a) states that a borrower whose loan is secured with his "principal dwelling" has "...the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required..." 15 U.S.C. § 1635(a). In the event that a borrower does timely elect to rescind a loan, the creditor has an obligation, within twenty days, to "return to the obligor any money or property given as earnest money, downpayment, or otherwise, and... take any action necessary or appropriate to reflect the termination of any security interest created under the transaction." 15 U.S.C. § 1635(b).

A creditor's failure to honor a valid rescission request made pursuant to § 1635 can subject

---

[1] Common law rescission would require the borrower to first return the loan proceeds received under the agreement to effect a rescission, whereas TILA disposes of this requirement, placing the consumer in a stronger bargaining position. *See Velazquez*, 254 F.Supp.2d at 1045 (citing *Large v. Canseco Fin. Servicing Corp.*, 292 F.3d 49, 55-56 (1st Cir. 2002)).

5

that creditor to actual and statutory damages. 15 U.S.C. § 1640(a) (stating that "any creditor who fails to comply with any requirement imposed under... section 1635,... is liable to such person... for statutory damages, including the costs of the action, together with a reasonable attorney's fee as determined by the court."). A TILA action alleging damages for failure to comply with any requirement imposed under § 1635 must be brought within one year from the date of the alleged violation. 15 U.S.C. §1640(e). For claims of civil liability under TILA, the date that the violation occurred is the date that the credit transaction was consummated, i.e., the date that the loan closed. *Personius v. Homeamerican Credit, Inc.*, 234 F.Supp.2d 817, 820 (N.D. Ill. 2002). For claims of failure to effectuate rescission the date of the occurrence of the violation is the earlier of when the creditor refuses to effectuate rescission, or twenty days after it receives the notice of rescission. *See Velazquez*, 254 F.Supp.2d at 1048 (stating that the statute of limitations begins to run from the date creditor refuses to rescind).

Section 1635(a) also requires creditors to "clearly and conspicuously disclose" to the borrower the borrower's rescission rights under TILA. 15 U.S.C. § 1635(a). The creditor is required to "deliver two copies of the notice of the right to rescind" to the borrower. 12 C.F.R. § 226.23(b)(1). If a creditor fails to adequately inform the borrower of the precise rescission rights available, the period that the borrower is entitled to rescind the loan is extended until the creditor provides all of the proper disclosures and adequate notice of the right to rescind the loan, or for three years from the date of the completion of the loan transaction, whichever is sooner. 15 U.S.C. § 1635(a), (f); *Andrews*, 545 F.3d at 573.

Section 1635(f) sets forth an extended time limit for the consumer to exercise the right to rescind. It provides in relevant part, "[a]n obligor's right of rescission shall expire three years after

6

the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor." 15 U.S.C. § 1635(f). If the borrower exercises the right of rescission during this extended period, the creditor's denial of rescission or its failure to properly respond to the rescission within twenty days after receipt of notice gives rise to a potential violation under TILA and commences the running of TILA's one-year statute of limitations. 15 U.S.C. § 1635(b).

In *Beach v. Owen Fed. Bank*, the U.S. Supreme Court characterized § 1635(f) as a statute of repose, holding that borrowers had no right to assert a right to rescind as an affirmative defense in an action to collect brought by a lender more than three years after consummation of the transaction. 523 U.S. 410, 419 (1998). *Beach* held that § 1635(f) "completely extinguishes the right of rescission at the end of the 3-year period." *Id.* at 412. The *Beach* Court noted that the "ultimate question is whether Congress intended that the right shall be enforceable in any event after the prescribed time." *Id.* at 416 (citations and internal quotations omitted). The Court concluded that:

> Section 1635(f) ... takes us beyond any question whether it limits more than the time for bringing a suit, by governing the life of the underlying right as well. The subsection says nothing in terms of bringing an action but instead provides that the right of rescission [under the Act] shall expire at the end of the time period. It talks not of a suit's commencement but of a right's duration, which it addresses in terms so straightforward as to render any limitation on the time for seeking a remedy superfluous.

*Id.* at 417 (citations and internal quotations omitted).

The Court proceeded to compare § 1635(f) to other provisions of TILA and concluded that Congress deliberately intended to preclude a federal right to rescind after the expiration of the three-year period. *Id.* at 419. However, the *Beach* decision did not discuss the method for exercising this right

to rescind under TILA.

TILA and "Regulation Z" address how a consumer is to exercise its right to rescind. TILA's implementing regulations, 12 C.F.R. §§ 226 *et seq.*, known as "Regulation Z" are promulgated by the Federal Reserve Board. *Hamm v. Ameriquest Mortg. Co.*, 506 F.3d 525, 528 (7th Cir. 2007). Regulation Z provides that "to exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication." 12 C.F.R. § 226.23(a)(2). Furthermore, Regulation Z provides creditors with twenty days from the date that the notice of rescission is received to "return any money or property that has been given to anyone in connection with the transaction and . . . take any action necessary to reflect the termination of the security interest." 12 C.F.R. § 226.23(d)(2). The U.S. Supreme Court held that "deference is especially appropriate in the process of interpreting the Truth in Lending Act and Regulation Z, [and] ... [u]nless demonstrably irrational, Federal Reserve Board staff opinions construing the Act or Regulation should be dispositive." *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 565 (1980). According to the Seventh Circuit, "[c]ourts pay particular heed to the [Federal Reserve Board] Staff Commentary to TILA's regulations when evaluating an alleged TILA violation." *Hamm*, 506 F.3d at 528. The Official Staff Commentary on Regulation Z states, "The consumer must place the rescission notice in the mail... within that period [twenty days] in order to exercise the right." 12 C.F.R. Supp. Pt. 226, Supp. I ¶ 23(a)(3)(1).

Significantly, TILA does not require the consumer to file a lawsuit to exercise the right to rescind. Both the statute and the regulation require only notification to the creditor. *See* 15 U.S.C. § 1635(a) ("[T]he obligor shall have the right to rescind the transaction... by notifying the creditor... of his intention to do so"); *See also* 12 C.F.R. § 226.23(a)(2) ("[T]he consumer shall notify the

creditor of the rescission by mail, telegram or other means of written communication"). TILA gives a consumer the right to rescind a credit transaction simply by notifying the creditor, within a specific period of time, that she intends to do so. *See Lippner v. Deutsche Bank Nat. Trust Co.*, 544 F.Supp.2d 695, 701 (N.D. Ill. 2008) (finding that proper and timely submission of a written rescission demand entitles borrower to the remedy of rescission under § 1635).

The Trustee alleges that Hunter did not receive two copies of the Notice of Right to Cancel in connection with each loan that Countrywide was required by TILA to provide him. *See* 12 C.F.R. § 226.23(b). Under such circumstances, the Trustee argues Hunter's right to rescind was extended to three years from consummation of the loan. *See* 15 U.S.C. §1635(f). Hunter's loans were closed on September 24, 2004. The Trustee asserts that Hunter properly exercised his right to rescission through written notice to Countrywide on September 10, 2007, within the three-year time limit set forth in § 1635(a). The Defendants admit that Hunter sent a letter on September 10, 2007 seeking rescission, but deny he was entitled to seek rescission at that time. The Defendants maintain that Hunter received two copies of the Notice of Right to Rescind in connection with both loans. The Defendants argue that even if Plaintiff could establish that Hunter did not receive the correct number of Notices, Hunter's right to rescind expired on September 24, 2007. According to the Defendants, Hunter's letter providing notice to the creditor was insufficient to exercise a right of recision under § 1635(f). The instant adversary proceeding requesting enforcement of Hunter's right to rescind was not filed until May 21, 2008, after the expiration of the three-year time period set forth in § 1635(f). The Defendants argue that the Trustee's rescission claims are time-barred because he did not file those claims in court within the three-year period. At issue is whether a consumer who provides timely notice of rescission to a creditor is also required to file a lawsuit seeking to enforce rescission

within the time limit set forth in § 1635(f). The Court finds that TILA does not preclude a subsequent suit to enforce the right after the passing of the three-year period as long as the consumer timely exercised the right to rescind within the three-year period.

*B. Exercising the Right to Rescind*

The Defendants argue that rescission under TILA does not automatically occur upon sending a notice of rescission to the lender and a consumer is required to initiate a lawsuit within the three-year period to effectuate recession. The text of the statute and Regulation Z do not support the Defendants' interpretation of rescission under TILA. TILA does not require a lawsuit to exercise the right to rescind; the statute clearly states that rescission is accomplished "by notifying the creditor in accordance with regulation of the Board, of his intention to do so." 15 U.S.C. § 1635(a). Regulation Z provides: "To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram, or other means of written communication." 12 C.F.R. § 226.23(a)(2). The U.S. Supreme Court specifically instructed that "courts must presume that a legislature says in a statute what it means and means in a statute what it says there; in statutory interpretation cases, once the court is satisfied that the statutory language is unambiguous and the statutory scheme is coherent and consistent, judicial inquiry is complete". *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 450, 461-62 (2002) (internal quotations omitted); *See also Krzalic v. Republic Title Co.*, 314 F.3d 875, 879-80 (7th Cir. 2002). The Defendants have "cited nothing in the statute, the regulations, or the Official Staff Interpretation or the legislative history indicating that Congress did not mean exactly what it said when it drafted § 1635. *Velazquez*, 254 F.Supp.2d at 1045-46. Given the Seventh Circuit's determination that rescission takes place automatically upon notice to the creditor, this Court cannot accept the view that the written notice given to Countrywide is not

sufficient to effectuate rescission. *See Hubbard v. Ameriquest Mortg. Co.*, 2008 WL 4449888, at *7 (N.D. Ill. 2008). As long as Hunter properly gave written notice of rescission to Countrywide within the three-year statutory period, the rescission was effective, and Hunter was entitled to "return to the *status quo* that existed before the loan." *See Id.*; *Handy*, 464 F.3d at 765.

## C. Timeliness of Hunter's Rescission

According to the Defendants, § 1635(f) is an absolute bar to bringing suit for rescission even if a timely notice of rescission is made during the three-year period. The Defendants argue that *Beach* should be read to require that Hunter had to initiate suit, after giving written notice, within the three-year period of repose, meaning that the right of rescission was extinguished by the time the claims were first brought in this Court, more than three years after the loan date. Section 1635(f) completely extinguishes the right of rescission at the end of the three-year period, but makes no reference to when a suit for rescission based on a violation under § 1635 must be commenced. *Beach*, 523 U.S. at 417. Section 1635(f) is a statute of repose, not a statute of limitations, which would require a consumer to initiate a lawsuit within the three-year period to effectuate rescission as the Defendants suggest. *Id.* A statute of limitations is a procedural device that operates as a defense to limit the remedy available from an existing cause of action. *Boggs v. Adams*, 45 F.3d 1056, 1060 (7th Cir. 1995). "The terms of a typical statute of limitations provide that a cause of action may or must be brought within a certain period of time." *Beach*, 523 U.S. at 417. In contrast, a statute of repose creates a time period to exercise a right. *Id.* If the right is not *exercised* when the statutory time period has passed, the substantive right to relief is extinguished. *Id.*; *Doss v. Clearwater Title Co.*, 551 F.3d 634, 637-638 (7th Cir. 2008); *see also Hinkle by Hinkle v. Henderson*, 85 F.3d 298, 301, (7th Cir. 1996) (noting that statutes of limitations "extinguish, after

11

period of time, [a] right to prosecute [an] accrued cause of action; [a] 'statute of repose,' by contrast, limits potential liability by limiting [the] time during which cause of action can arise.").

The Defendants additionally argue that because § 1635 is a statute of repose, a court does not have subject matter jurisdiction over a case where a plaintiff, as here, brings an action after the expiration of the three-year period. In *Miguel v. Country Funding Corp.*, the Ninth Circuit found that § 1635(f) "represents an absolute limitation on rescission actions which bars any claims filed more than three years after the consummation of the transaction . . . depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period." 309 F.3d 1161, 1164 (9th Cir. 2002) (citing *King v. California*, 784 F.2d 910, 913 (9th Cir.1986)). However, in *Doss v. Clearwater Title Co.*, the Seventh Circuit acknowledged that other circuits have characterized § 1635(f) as "jurisdictional" but found that "there is nothing jurisdictional about § 1635(f)'s period of repose... it is merely a precondition to a substantive right to relief." 551 F.3d at 639. *Doss* stated that *Beach v. Owen Fed. Bank* "contains not a word about the subject-matter jurisdiction of the district court, it presents only an example of a case in which a claim is doomed to fail on the merits." *Id.* at 638.

The Defendants failed to cite any cases involving a consumer who timely elected to exercise the right to rescind and filed an action to enforce that right within a year of the creditor's failure to honor the election. In *Spann v. Community Bank of N. Va.*, the consumer filed suit after three years, but unlike the case at bar, did not send a timely rescission notice to the lender. 2004 WL 691785 (N.D. Ill. 2004). The court in *Kamara v. Michael Funding, LLC* did not find that a timely written election was made when the borrower filed suit more than four years after the time for rescission passed. 379 F. Supp. 2d 631, 634 (D. Del. 2005). In *Beach*, the Court did not discuss a timely

election to rescind a loan within the three-year period of § 1635(f). 523 U.S. 410. The *Beach* Court held only that rescission under § 1635(f) was not subject to equitable tolling and could not be raised as a recoupment defense. *Id.* at 417-418.

The Trustee asserts that Hunter complied with the three-year time limit required by § 1635(f) and is entitled to enforce the right of rescission up to one year after Countrywide's failure to respond to Hunter's notice. If a creditor fails to timely respond to the consumer's rescission request, a separate violation of TILA occurs and the consumer has one year to bring suit. 15 U.S.C § 1640(e); *see also Velazquez* 254 F.Supp.2d at 1048 (finding that *Beach* did not preclude the filing of a lawsuit for damages outside of the three-year period so long as the suit was filed within one year of the creditor's refusal to cancel.) A creditor's failure to respond gives rise to both a cause of action and a damages claim at that time. ELIZABETH RENUART & KATHLEEN KEEST, TRUTH IN LENDING § 7.2.2.4 (National Consumer Law Center, 6th ed. 2007 & Supp. 2008). Whether the consumer is exercising the three-day right of rescission or the extended three-year right, the one-year statute of limitations attaches to the creditor's failure to properly respond to the rescission notice. *Id.*

Courts have addressed circumstances where a consumer elected to rescind a loan within the three-year period but filed suit to enforce the election after the three-year period. *See Johnson v. Long Beach Mortgage Loan Trust 2001-4, et al.*, 451 F.Supp 2d 16, 40-41 (D.D.C 2006) (finding that an action seeking rescission must be filed within one year after the date the creditor refuses to effectuate rescission or twenty days from its receipt of rescission notice, whichever is earlier); *Jackson v. CIT Group/Consumer Finance, Inc.*, 2006 WL 3098767, at *2 (W.D.Pa. 2006) (ruling that since the plaintiff's notice to rescind was sent within the three-year period set forth in § 1635(f), the plaintiff's action seeking a declaratory judgment that the transaction was rescinded was timely

even though the creditor rejected the plaintiff's written notice of rescission and the subsequent suit was filed more than three years after the notice was sent); *In re Ralls* 230 B.R. 508, 512 (Bankr. E.D. Pa. 1999) (allowing rescission claim where notice of rescission was sent within three years and suit filed less than one year later, even though the suit was filed after three-year period). These opinions all found that as long as a consumer timely exercised the right to rescind, the suit for rescission is not time-barred even though it was filed after the expiration of the rescission notice period set forth in § 1635(f).

"The three-year period limits only the consumer's right to rescind, not the consumer's right to seek judicial enforcement of the rescission." ELIZABETH RENUART & KATHLEEN KEEST, TRUTH IN LENDING § 6.3.2.1 (National Consumer Law Center, 6th ed. 2007 & Supp. 2008). If the consumer timely exercises the right to rescind and the creditor fails to respond, the consumer should have a year to file suit. *Id.* The Defendants' interpretation would unfairly "reward creditors for failing to take the steps upon receipt of notice set forth in 15 U.S.C. 1635(b)." *Jackson* at 2006 WL 3098767, at *1.

In light of the text, structure and purpose of TILA as a whole and the Seventh Circuit's relevant precedent, this Court concludes that where the consumer timely elected to rescind the loan, § 1635(f) is not a limitation on the filing of suit to enforce that right. Hunter timely exercised his right of rescission by providing notice to Countrywide within the three-year period required by § 1635(f). If the Defendants failed to timely respond to the notice, a separate TILA violation occurred, and as result, the right to rescind did not expire until one year from the date of that violation. Viewing the facts in the light most favorable to the Trustee, the Defendants' motion to dismiss cannot be granted on the basis that the filing of the rescission claims was untimely; the motion to

dismiss is DENIED.

## V. CONCLUSION

For the reasons stated above, the Defendants' motion to dismiss the Trustee's complaint is DENIED.

DATED: March 10, 2009　　　　　　　　　　　ENTER: *Jacqueline P. Cox*

　　　　　　　　　　　　　　　　　　　　　　　J. P. Cox
　　　　　　　　　　　　　　　　　　　　　　　Jacqueline P. Cox
　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge